IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROLYN MINER, | CASE NO. 5:12-cv-02622 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JPMORGAN CHASE BANK, | [Docket Item No(s). 21] |
| Defendant(s). | |

In this action related to real property, Defendant JPMorgan Chase Bank, N.A. ("Defendant") moves to dismiss the Complaint filed by Plaintiff Carolyn Miner ("Plaintiff"). See Docket Item No. 21. The court did not receive a timely-filed opposition to the motion.[1]

Although many bases are asserted in the Complaint, it appears that federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully considered the relevant pleadings, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for March 22, 2013, will therefore be vacated. Defendant's motion will be granted for the reasons explained below.

**I.   BACKGROUND**

The court recounts the relevant facts mainly from judicially-noticeable documents. On or

---

[1] The court previously granted Plaintiff's motion for an extension of time to file an opposition and extended the deadline to March 1, 2013. See Docket Item No. 24. Plaintiff, however, did not file her opposition until March 11, 2013, without explanation. The court has not considered this untimely filing.

1
CASE NO. 5:12-cv-02622-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

about November 15, 2006, Milton A. Miner, who the Complaint reveals is Plaintiff's father, obtained a loan for $840,000.00 from Washington Mutual Bank for the purchase of real property located in Soquel, California. See Req. for Judicial Notice ("RJN"), Docket Item No. 22, at Ex. A.[2] The Deed of Trust named California Reconveyance Company ("CRC") as the trustee. Id. Defendant thereafter acquired an interest in the loan when it received the "right, title, and interest" in all of Washington Mutual's assets. Id. at Ex. B.

Milton Miner defaulted on the loan at some point, and CRC recorded a Notice of Default on April 7, 2009. Id. at Ex. C. A Notice of Trustee's Sale was then recorded on February 27, 2012, but according to Defendant, the property has not yet been sold. Id. at Ex. D.

Plaintiff commenced this action on May 21, 2012. See Compl., Docket Item No. 1. This motion followed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged

---

[2] The RJN is granted in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

Plaintiff asserts causes of action for (1) breach of contract and breach of the covenant of good faith and fair dealing, (2) fraud and misrepresentation, (3) usury and misrepresentation, and (4) intentional infliction of emotional distress. None may proceed based on the current version of the Complaint.

**A. Plaintiff has Not Plead Sufficient Factual Allegations**

As a threshold matter, Plaintiff has not plead sufficient factual information to support the causes of action. Indeed, the non-specific content of the Complaint suggests that Plaintiff may have utilized a pleading obtained from another action or from the public domain, but did not tailor the final version to the specific facts of this case before filing it. The result is a Complaint which, for the most part, consists of vague allegations, irrelevant material, and legal conclusions. That is not enough. Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff appearing pro se, a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotations omitted). Plaintiff has missed this mark, even under a liberal reading of the Complaint.

Moreover, Plaintiff must observe the requirement that any causes of action sounding in

3
CASE NO. 5:12-cv-02622-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

fraud, such as the second and third causes of action asserted in the Complaint, are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

Because the Complaint does not alleges enough facts to satisfy the applicable pleading standards as articulated above, it will be dismissed with leave to amend because Plaintiff may be able to assert additional allegations.

### B.    Plaintiff has not Articulated a Cognizable Legal Theory

Plaintiff alleges that Defendant did not fund a loan with "lawful money," which Plaintiff defines as "gold and silver coins of the United States." See Compl., at ¶ 5.

These allegations are a version of the theory commonly referred to as the "vapor money" or "illusory loan" theory. "Such claims have been brought and rejected across the United States for over 25 years." Davis v. Citibank West, FSB, No. 10-CV-04477-LHK, 2011 U.S. Dist. LEXIS 30861, at *11-12, 2011 WL 1086055 (N.D. Cal. Mar. 24, 2011) (citing Nixon v. Individual Head of St. Joseph Mortg. Co., 615 F. Supp. 898, 900 (C.D. Ind. 1985); Frances Kenny Family Trust v. World Sav. Bank FSB, No. C 04-03724 WHA, 2005 U.S. Dist. LEXIS 2403 at *15, 2005 WL 106792 (N.D. Cal. Jan. 19, 2005) ("[P]laintiffs' 'vapor money' theory has no basis in law. It has been squarely addressed and rejected by various courts throughout the country for over twenty years."); Vollmer v. Present, No. CV 10-1182, 2010 U.S. Dist. LEXIS 127446 at *18-19 (D. Ariz. Dec. 1, 2010) ("this theory is entirely implausible and meritless")).

Like many others, this court similarly finds that any claims based on the "vapor money" or "illusory loan" theory have no basis in law. Since all the causes of action rely on this theory, they

4
CASE NO. 5:12-cv-02622-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

are all subject to dismissal for this reason as well.

### C. Plaintiff's Standing

The court is also compelled to address the issue of Plaintiff's standing.

The standing doctrine has three basic constitutional elements along with a corollary "prudential" limitation. The constitutional elements require: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causation, such that a causal connection between the alleged injury and offensive conduct is established, and (3) redressability, or a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

To meet the "injury in fact" element, "the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979). The prudential limitation "encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

Here, it appears Plaintiff brings this action on behalf of herself and her father "under power of attorney for Milton A. Miner." That is problematic for two reasons. First, judicially-noticeable documents reveal that Plaintiff was not a party to the Deed of Trust (or the loan underlying it). See RJN, at Ex. A. Plaintiff therefore lacks standing to assert a personal cause of action for breach of contract, assuming the Deed of Trust is the contract at issue, because she cannot allege an injury in fact. Hatchwell v. Blue Shield, 198 Cal. App. 3d 1027, 1033 (1988) ("Someone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party."). The same would also be true for the other causes of action, including intentional infliction of emotional distress, because each stems from Respondent's alleged misconduct with respect to her *father's* loan and her *father's* property. See Christensen v. Super. Ct., 54 Cal. 3d 868, 903 (1991) (holding that with regard to intentional infliction of emotional distress that "[i]t is not enough that the conduct be intentional and

United States District Court
For the Northern District of California

outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware.").

Second, Plaintiff cannot appear in this action on behalf of her father and assert causes of action on his behalf. Drake v. Super. Ct., 21 Cal. App. 4th 1826, 1830 (1994) ("By definition, one cannot appear in 'propria' persona for another person."). Nor can she rely on a power of attorney to do so. See Marriage of Caballero, 27 Cal. App. 4th 1139, 1151 (1994) ("Despite broad statutory language of the power of attorney with respect to claims and litigation, the attorney in fact may not act as an attorney in law on behalf of his principal, even though the principal could appear in propria persona."); see also Ziegler v. Nickel, 64 Cal. App. 4th 545, 548 (1998) ("[O]ne holding a special power of attorney cannot act as an attorney for another by virtue of the power of attorney."). In addition to being prohibited by California law, it also implicates the prudential limitation on standing.

### IV.   ORDER

Based on the foregoing, Defendant's Motion to Dismiss (Docket Item No. 21) is GRANTED. The Complaint is DISMISSED WITH LEAVE TO AMEND.

Any amended complaint (1) must be filed on or before **April 19, 2013,** (2) must resolve the issue concerning standing, and (3) must not include causes of action based on the "vapor money" or "illusory loan" theory. Plaintiff is advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice. Plaintiff is further advised that she may not add new claims or parties without first obtaining Defendant's consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

//
//
//
//
//
//

The hearing and Case Management Conference scheduled for March 22, 2013, are VACATED. Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time. However, the court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: March 15, 2013



EDWARD J. DAVILA
United States District Judge